IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JESSICA ELAINE COLON,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY 21 PROPERTIES HAWAII, ABE LEE, and SANDRA SAKUMA,<br><br>Defendants. | Case No. 18-cv-00399-DKW-KSC<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART WITH LEAVE TO AMEND.**[1] |

On October 19, 2018, Plaintiff Jessica Elaine Colon, proceeding pro se, filed a Complaint against Century 21 Properties Hawaii (Century 21), Abe Lee, and Sandra Sakuma (Century 21, Lee, and Sakuma, together, "Defendants"). Dkt. No. 1. Colon also filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 2.

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**I.      Colon's IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Colon has made the required showing under Section 1915(a).  In the IFP Application, Colon states that she is an independent contractor for Postmates, Inc. and has total take-home pay of $800 per month.  Further, Colon states that she receives no other income, has $642 in a checking or savings account, and owns no automobile, real property, or financial instruments.  Further, Colon states that she has regular monthly expenses totaling $340, $42,500 in student loan debt, and $3,500 in credit card debt and "misc. bills."  In light of these figures, Colon's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2018 Poverty Guidelines.  *See* HHS Poverty Guidelines, available at:

https://www.federalregister.gov/documents/2018/01/18/2018-00814/annual-update

-of-the-hhs-poverty-guidelines. In addition, Colon has insufficient assets to provide security. As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II.     Screening of Colon's Complaint

The Court liberally construes the pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In her Complaint, Colon brings claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Colon makes the following factual allegations. After being called a "hauli," apparently at Century 21, Colon went to Staffing Solutions of Hawaii, the company that had placed her at Century 21, to let them know what had been said to her. Staffing Solutions contacted Sakuma, and Century 21 apologized and admitted in an email to discrimination. Afterwards, Century 21 "escalated the situation" by creating a hostile work environment, which led to Colon being threatened with kidnapping, beatings, and extortion. Colon alleges these events occurred between February 28 and April 30, 2018. Colon also appears to allege that she lost her job on April 30, 2018. Colon further alleges that she filed a charge with the Equal Employment Opportunity Commission (EEOC) on July 4, 2018, and she was issued a Notice of Right to Sue letter on August 3, 2018.

Colon did not submit the Notice of Right to Sue letter with her Complaint, though, because it was "not with [her]."

Title VII prohibits refusing to hire or discharging any individual on the bases of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII further prohibits retaliation against an employee who has engaged in an activity protected by Title VII, such as opposing any practice made unlawful under the statute. *Id.* § 2000e-3(a). Title VII has also been construed as prohibiting harassment that is so severe or pervasive that it creates a hostile work environment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66-67 (1986). Here, Colon appears to rely upon race, gender, religion, retaliation, and hostile work environment. The Court addresses each.

### **Race Discrimination**

To set forth a prima facie case of race discrimination under Title VII, an employee must allege that (1) she is a member of a protected class, (2) she performed her job adequately, (3) she suffered an adverse employment action, and (4) she was treated differently than a similarly situated employee who was not a member of her protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

Colon asserts that she was discriminated against because she is not a Hawaiian-born U.S. citizen. She appears to allege that she is of "Spanish" ancestry.

4

For present purposes, the Court assumes that Colon has alleged she is a member of a protected class.[3] Colon also alleges that she lost her job. As such, Colon has alleged an adverse employment action. In addition, although Colon does not specifically allege it, the Court is willing to assume that there were other employees outside of her protected class and those employees were not terminated. The Court cannot assume, though, that Colon adequately performed her job because there are simply no factual allegations in that regard either directly or impliedly. One further problem with this claim is that Colon fails to identify who called her a "hauli."[4]

As a result, Colon's claim of race discrimination is DISMIISSED WITHOUT PREJUDICE. Colon may file an Amended Complaint, amending her race discrimination claim. Should Colon do so, she must allege whether she was adequately performing her job at the time of her termination. She must further allege who called her a "hauli" by identifying that individual or at least by identifying how that individual is connected to Century 21. In addition, so this claim is clearer, Colon should allege whether Century 21 employed individuals outside of her protected class and, if so, whether they were treated more favorably than her.

---

[3] *See Village of Freeport v. Barrella*, 814 F.3d 594, 607 (2d Cir. 2016) (holding that "discrimination based on ethnicity, including Hispanicity or lack thereof, constitutes racial discrimination under Title VII.").

[4] The Court notes that Colon alleges that Century 21, its owners, and its contracted workers discriminated against her for not being a Hawaiian-born U.S. citizen. This does not answer who called her a "hauli." In addition, although Colon alleges that Lee and Sakuma are co-owners of Century 21, Colon does not allege that Lee or Sakuma discriminated against her.

### **Gender and Religious Discrimination**

The prima facie elements for claims of discrimination based upon gender and religion are the same as they are for race discrimination. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002).

Here, Colon has satisfied two of those elements. She has alleged she is female (for her gender discrimination claim) and a member of the Seventh Day Adventist Church (for her religious discrimination claim). She has also alleged she was terminated. As with her race discrimination claim, though, Colon does not mention whether she was qualified for her position. In fact, it is not even clear what position Colon held while she worked for Century 21. The Court is also unable to assume that similarly situated men or similarly situated people of other religious groups were treated more favorably. Again, Colon does not make that allegation. In addition, unlike Colon's race discrimination claim, there is simply nothing from which it can be inferred in the Complaint that gender or religion were the reason(s) others were treated more favorably. Finally, Colon does not identify any Defendant who discriminated against her based upon her gender and/or religion.

As a result, Colon's claims of gender and religious discrimination are DISMISSED WITHOUT PREJUDICE. Colon may file an Amended Complaint, amending her gender and religious discrimination claims. Should Colon do so, she must allege whether she was adequately performing her job at the time of her

termination. She must further allege whether Century 21 employed individuals outside of her protected classes and, if so, whether they were treated more favorably than her. In addition, Colon must identify who discriminated against her due to her gender and/or religion and how.

**<u>Retaliation</u>**

A prima facie case of retaliation under Title VII requires that (1) Colon engaged in a protected activity, (2) Century 21 subjected Colon to an adverse employment action, and (3) a causal link exist between the protected activity and the adverse action. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Here, Colon alleges she reported being called a "hauli" to a staffing company, who, in turn, contacted Sakuma, who is alleged to be a co-owner of Century 21. Thus, potentially, it appears that Colon has alleged a protected activity−opposing a practice prohibited by Title VII. Colon also alleges an adverse action−her termination. Colon also, arguably, alleges a causal link between these matters. Although Colon does not specifically allege when any of the events in the Complaint occurred, Colon does allege that the acts began on February 28, 2018, and ended two months later on April 30, 2018 when she was terminated. At least for present purposes, a two-month gap is sufficient to advance this claim further. *See Villiarimo*, 281 F.3d at 1065 (explaining that "causation can be inferred from timing alone where an adverse employment action follows on the heels of protected

activity," and citing case finding a prima facie case of causation with gaps of less than three months and 59 days).

Colon's retaliation claim, though, cannot advance in toto at this time because she fails to allege that Lee or Sakuma were involved in the allegedly retaliatory acts. The only time Lee is mentioned in the Complaint is to identify him as a defendant. Although Colon alleges that Sakuma was contacted by a staffing company after Colon complained about being called a "hauli," Colon does not allege that Sakuma retaliated against her. Instead, all of Colon's allegations generally refer to "Century 21," such as Century 21 apologizing and Century 21 admitting to discrimination. As for who committed any retaliatory acts, Colon only alleges that "the situation was escalated by [Century 21] and they retaliated against me!" Compl. at 6.

As a result, the Court will allow Colon's retaliation claim to advance as against Century 21, but will DISMISS WITHOUT PREJUDICE that claim as against Lee and Sakuma. Colon may file an Amended Complaint, amending her retaliation claim. Should Colon do so, she must allege the individuals who retaliated against her, together with how and when they did so. To the extent only Century 21 retaliated against her, Colon need not amend this claim.

**Hostile Work Environment**

A hostile work environment claim can be premised upon race, gender, or retaliation. *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *Ray*, 217 F.3d at 1245. Here, it is not entirely clear upon which ground Colon premises her hostile work environment claim. Most likely, it seems that Colon is alleging a retaliatory hostile work environment, given that she alleges that the hostile environment was created after she complained about being called a "hauli." The Court will, therefore, focus upon retaliation being the cause of the alleged hostile work environment. For such a claim, the alleged work environment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ray*, 217 F.3d at 1245 (quotation omitted).

Here, Colon alleges that, after she complained, Century 21 "escalated" the situation by creating a hostile work environment, "which led to my person being threatened with kidnapping, beatings and extorhtion [*sic*]." Merely alleging that she suffered a "hostile work environment" is insufficient for Colon to state a viable claim, as conclusory statements do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Colon's allegation of threats of kidnapping, beatings, and extortion, though, are obviously far more troubling. That being said, at this juncture, the Court cannot allow this claim to advance because Colon has failed to allege *who*

9

threatened her in these ways, or *how* the threats are connected to her work environment at Century 21 and her making a complaint of discrimination.[5]  For instance, most basically, Colon fails to allege whether any of the threats were made by individual(s) working for Century 21.

As a result, Colon's hostile work environment claim is DISMISSED WITHOUT PREJUDICE.  Colon may file an Amended Complaint, amending her hostile work environment claim.  Should she do so, Colon must allege facts indicating that she was subjected to a hostile work environment when she worked at Century 21.[6]  To the extent Colon means to rely upon the alleged threats made to her, at the very least, she must provide some context for those threats, including identifying the individual(s) who made the threats and where the threats were made (*e.g.*, at work or outside of the workplace).

### III.    Limited Leave to Amend

As set forth above, Colon may amend her complaint to cure the deficiencies that have been identified in this Order.  More specifically, Colon is granted leave to amend her claims of race, gender, and religious discrimination, her hostile work environment claim, and the claim of retaliation against Lee and Sakuma.  Colon

---

[5]To the extent Colon is alleging a hostile work environment based upon her race, she would need to allege that the threats were of a racial nature or made due to her race.  *See Vasquez*, 349 F.3d at 642; *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003).

[6]"To determine whether an environment is sufficiently hostile, we look to the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Ray*, 217 F.3d at 1245 (quotation omitted).

need not amend her claim of retaliation against Century 21, but she must re-allege that claim in any amended complaint she may file if she intends to proceed with it. This is because Colon may not incorporate any part of her original complaint, Dkt. No. 1, in her amended complaint. Rather, all claims and all allegations must be re-typed or re-written in their entirety. To the extent any claims are not re-alleged in an amended complaint, they may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

Finally, while the filing of any amended complaint and subsequent review thereof is pending, the Court stays service on Century 21.

## IV. Conclusion

Colon's application to proceed *in forma pauperis*, Dkt. No. 2, is GRANTED. The Complaint, Dkt. No. 1, is DISMISSED WITHOUT PREJUDICE IN PART with leave to amend as set forth herein.

Colon may have until **December 7, 2018** to file an amended complaint. **The Court cautions Colon that failure to file an amended complaint by December 7, 2018 may result in the dismissal of those claims that the Court has dismissed without prejudice in this Order.**

IT IS SO ORDERED.

Dated: November 6, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge