# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JESSICA ELAINE COLON,<br><br>   Plaintiff,<br><br>  v.<br><br>CENTURY 21 PROPERTIES HAWAII, ABE LEE, and SANDRA SAKUMA,<br><br>   Defendants. | Case No. 18-cv-00399-DKW-RT<br><br>**ORDER (1) DISMISSING CERTAIN CLAIMS WITHOUT PREJUDICE; AND (2) DIRECTING SERVICE OF THE COMPLAINT** |

On October 19, 2018, Plaintiff Jessica Elaine Colon, proceeding pro se, filed a Complaint against Century 21 Properties Hawaii (Century 21), Abe Lee, and Sandra Sakuma (Century 21, Lee, and Sakuma, together, "Defendants"). Dkt. No. 1. Colon also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. In a November 6, 2018 Order, the Court granted Colon's IFP Application, dismissed certain claims brought in the Complaint with leave to amend, and found one claim to have been sufficiently alleged against Century 21 to survive dismissal at this juncture. Dkt. No. 5. The November 6, 2018 Order gave Colon until December 7, 2018 to file an amended complaint, which she failed to do.

On December 17, 2018, a Scheduling Conference was held before Magistrate Judge Kevin Chang. Dkt. No. 6. During that conference, Colon informed the

Magistrate Judge that she had not received a copy of the November 6, 2018 Order. As a result, Colon was given a copy of the November 6, 2018 Order at the conference, advised to file an amended complaint, and told that the Scheduling Conference would be continued until February 19, 2019. At the conference, Colon also confirmed that the Court already had her correct address and used that address in serving the November 6, 2018 Order. A day later, in light of Colon's statements at the Scheduling Conference, this Court allowed Colon additional time to file an amended complaint until January 7, 2019. Dkt. No. 7. The Court, again, forewarned Colon that failure to file an amended complaint by January 7, 2019 may result in the dismissal of those claims the Court dismissed without prejudice in the November 6, 2018 Order. The docket reflects that a copy of the Order, setting January 7, 2019 as the deadline to file an amended complaint, was mailed to Colon on December 18, 2018. In addition, the docket does not reflect that the foregoing mail has been returned as undeliverable.

However, as of the date of this Order, which is more than two weeks after the January 7, 2019 deadline, Colon has failed to file an amended complaint or otherwise respond to the November 6, 2018 Order. In light of the record of this case, the Court can only conclude that Colon has chosen to proceed with the Complaint she filed at the outset of this case and does not intend to amend her claims.

With that being so, because Colon set forth one cause of action against Century 21 that survived screening of the Complaint, Colon may proceed with that claim. At the same time, because Colon has not attempted to amend claims that were insufficiently pled, those claims are now dismissed without further leave to amend. In addition, because Colon failed to sufficiently allege any claims against Lee and Sakuma, those defendants are dismissed from this action.

Accordingly, the Court rules as follows:

(1) Defendants Lee and Sakuma are DISMISSED from this action;

(2) Colon's claims of race, gender, and religious discrimination under Title VII of the Civil Rights Act of 1964 are DISMISSED WITHOUT FURTHER LEAVE TO AMEND;

(3) Colon's claim of hostile work environment under Title VII is likewise DISMISSED WITHOUT FURTHER LEAVE TO AMEND;

(4) Colon's claim of retaliation under Title VII against Lee and Sakuma is DISMISSED WITHOUT FURTHER LEAVE TO AMEND; and

(5) Colon may proceed with her claim of retaliation under Title VII against Century 21.

Because Colon has been granted leave to proceed *in forma pauperis*, and because her retaliation claim against Century 21 may proceed, the Court finds that service of the Summons and Complaint is appropriate. To facilitate service, the

Court ORDERS as follows:

1. The Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall send a copy of this Order to the U.S. Marshal.

   Plaintiff shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

2. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to Century 21 a copy of the Complaint, a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398), and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed.R.Civ.P. 4(c)(3).

3. The U.S. Marshal shall retain the summons and a copy of the Complaint. The U.S. Marshal shall file a returned Waiver of Service

of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

4. If Century 21 does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve Century 21 pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service for Century 21, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on Century 21. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

5. Colon is cautioned that if she fails to comply with this Order and her non-compliance prevents timely and proper service as set forth in

Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

6. After service of the Complaint, Plaintiff must serve on Century 21 or its attorneys a copy of all further documents submitted to the court. The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf. Plaintiff shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was served on Century 21 or its counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

7. Until the Complaint is served and Century 21 or its attorneys file a notice of appearance, Plaintiff should not file motions or other documents with the Court. Plaintiff is further notified that she must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

IT IS SO ORDERED.

Dated: January 23, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge